CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 0 8 2006

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KATHY FOSTER, | Civil Action No. 7:06cv000459 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| FLYING J, INC., | By: Samuel G. Wilson |
| | United States District Judge |
| Defendant. | |

Plaintiff Kathy Foster brings this negligence action against Flying J, Inc. ("Flying J") arising out of an accident in Butte, Montana. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] The matter is before the court on Flying J's renewed motion to transfer venue under 28 U.S.C. § 1404(a). Having considered the convenience of the parties and their witnesses, and other relevant factors, the court finds that transfer of the case is appropriate. Accordingly, the court grants Flying J's motion.

I.

Foster alleges that Flying J failed to maintain a truck stop business that it operated in Butte, Montana, in a reasonably safe condition. As a result, she alleges that she was injured when she slipped and fell over a floor mat there. Flying J has filed a motion to transfer venue of

---

[1] Flying J is a Utah corporation with its principal place of business in Utah, Foster is a citizen of Virginia, and the amount in controversy exceeds $75,000. Accordingly, this court has jurisdiction under 28 U.S.C. § 1332.

-1-

this action to the United States District Court for the District of Montana, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a).[2] Flying J initially filed a motion to transfer this case on August 17, 2006, in its first response to Foster's complaint, but withdrew the motion by agreement to engage in written discovery with Foster regarding, in part, the factual basis supporting transfer. The parties endorsed a proposed order which the court entered, provisionally withdrawing the transfer motion. The court noted that "Plaintiff agrees that withdrawal of the Motion and filing of an Answer by Flying J does not waive any subsequent Motion to Transfer Venue filed herein." Flying J filed its renewed motion for transfer of venue on November 20, 2006.

## II.

Flying J essentially contends that because the accident occurred in Butte, Montana, with the attendant application of Montana law, and because essential liability witnesses are there, that it is appropriate to transfer this case to the District of Montana. For the reasons that follow, the court agrees.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has held that the same factors relevant to forum non conveniens determinations should also be used in evaluating motions under § 1404, namely: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the cost of

---

[2] The defendant has requested a transfer of venue to the United States District Court for the District of Montana, Butte Division, 400 North Main Street, Federal Building - Room 303, Butte, Montana, 59701.

obtaining attendance of willing witnesses; (5) the possibility of viewing premises, if applicable; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) factors of public interest, including the relative congestion of court dockets and a preference for holding a trial in the community most affected. Terry v. Walker, 369 F.Supp.2d 818, 822 (W.D. Va. 2005) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). In deciding such matters, the court should give weight to the plaintiff's choice of forum, and the defendant bears the burden of proving that convenience and justice are strongly in favor of transfer to another forum. Terry v. Walker, 369 F.Supp.2d 818, 822 (W.D. Va. 2005).

The court recognizes that deference should be given to Foster's choice of forum and that Virginia is the state where Foster resides. Foster has identified categories of individuals who she claims may have discoverable information in this case – past and present employees of Foster's employer, health care providers, and friends and family. Foster has indicated that many of these individuals live in either Virginia or North Carolina, but she has not identified with particularity who many of these individuals are or where exactly they reside. From the information that Foster has provided, it appears that most, if not all, live either outside of Virginia or some distance from this court. In fact, Foster resides in Danville, Virginia, the situs of another division of the court. Therefore, it seems that this action was filed in the Roanoke Division of the Western District of Virginia more for the convenience of Foster's attorney, than for Foster.

On the other hand, Montana has a number of contacts to this action which weigh in favor of it as the proper choice of venue for this action. First, it is the state in which the accident occurred, on the defendant's business premises. Second, Montana is the state whose substantive law would likely govern this case. Third, Flying J has identified witnesses to liability, consisting

-3-

of current and/or former employees of the Flying J store in Butte, Montana, who would be within the jurisdiction of the United States District Court for the District of Montana. Therefore, the court finds it is in the interest of justice and more convenient for the parties and witnesses, to transfer the case to the District of Montana, where several witnesses are located, and the events giving rise to the case occurred.

### III.

For the foregoing reasons, the court grant's Flying J's motion to transfer venue.

ENTER: December 7TH 2006.

_____
UNITED STATES DISTRICT JUDGE